Albert H. FONTNEAU, et al.,
Plaintiffs, Appellants,

v.

UNITED STATES of America,
Defendant, Appellee.

No. 80–1322.

United States Court of Appeals,
First Circuit.

Argued May 4, 1981.

Decided July 14, 1981.

Michael E. Chubrich, Portsmouth, N.H., with whom Shaines, Madrigan & McEachern, Portsmouth, N.H., was on brief, for plaintiffs, appellants.

Richard D. Buik, Atty., Tax Div., Dept. of Justice, Washington, D.C., with whom William H. Shaheen, U. S. Atty., Concord, N.H., John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, and William S. Estabrook, Attys., Tax Div., Dept. of Justice, Washington, D.C., were on brief, for defendant, appellee.

Before COFFIN, Chief Judge, GIBSON,* Senior Circuit Judge, and CAMPBELL, Circuit Judge.

* Of the Eighth Circuit, sitting by designation.

1. The trial judge, in denying the requested change of plea to *nolo contendere*, stated:

[Fontneau] pleaded guilty to the one count in the indictment, he knew that he would have to pay all the taxes, interest, and penalties for the year covered by that one count; 1968.

PER CURIAM.

Albert H. Fontneau appeals the district court's grant of summary judgment in favor of the Government on the issue of Fontneau's liability for civil tax fraud penalties for the year 1968. Fontneau contends that the doctrine of collateral estoppel does not bar him from relitigating the issue of fraud as determined in his criminal conviction for tax evasion for the year 1968. We disagree, and affirm the district court.

In March 1973, Fontneau was indicted on five counts of tax evasion in violation of 26 U.S.C. § 7201 (1970) for each of the taxable years 1966 to 1970, based upon receipt of approximately $69,000 of unreported commissions. In October 1973, the case went to trial. The jury was unable to agree on a verdict and a mistrial was declared on October 16, 1973. Fontneau, however, had suffered a heart attack on the evening of the first day of trial, after he testified. Fontneau then entered into a plea bargain in which he pleaded guilty to one count of tax evasion for the year 1968. The guilty plea was accepted at a hearing on June 17, 1974. The trial judge then fined Fontneau $1,000 and placed him on probation for one year.

On January 30, 1975, Fontneau paid the taxes and fraud penalties due for 1968. On September 18, 1975, Fontneau filed a motion and *coram nobis* petition with the trial judge, to allow a substitution of a *nolo contendere* plea for his guilty plea. The trial judge denied the petition on October 7, 1975.[1] Fontneau did not appeal this post-conviction decision.

In the meantime, the Internal Revenue Service also sought to collect additional taxes and fraud penalties for the other four years. Fontneau made payment and then brought a refund suit in December 1977.

\* \* \* \* \* \*

I [the trial judge] certainly would not have fined him a paltry $1,000 had I not been aware that he was going to have to pay a sum greatly in excess of that because of the taxes due and the civil fraud penalty.

The district court, on June 15, 1979, granted the Government's motion for summary judgment for the fraud penalties due under 26 U.S.C. § 6653(b) (1976) for 1968 on the ground of collateral estoppel. Fontneau, however, did prevail at trial on the issue of his liability for fraud penalties for the other four years.

On appeal, Fontneau contends that the doctrine of collateral estoppel should not be applied to the civil tax proceeding if, in the criminal tax proceeding, the district court may have erred in accepting his guilty plea. We disagree, and hold that collateral estoppel bars the relitigation of issues determined in a criminal proceeding in which the party against whom the earlier decision is asserted has had a "full and fair opportunity" to litigate that issue. *Allen v. McCurry*, 449 U.S. 90, 95, 104, 101 S.Ct. 411, 415, 420, 66 L.Ed.2d 308, 313, 319 (1980). Relitigation of such issues "decided after a full and fair hearing in a * * * court simply because the * * * court's decision may have been erroneous" is not even allowed. *Id.* 449 U.S. at 101, 101 S.Ct. at 418, 66 L.Ed.2d at 317 (footnote omitted). Here, we think the trial court's decision refusing the change of plea was not only "not erroneous" but well within the court's discretion and fully supported by the factual record in the case.

A criminal conviction for federal income tax evasion "works a collateral estoppel on the issue of fraud in a subsequent civil suit over a fraud penalty." *Moore v. United States*, 360 F.2d 353, 354 (4th Cir. 1966), *cert. denied*, 385 U.S. 1001, 87 S.Ct. 704, 17 L.Ed.2d 541 (1967), *cited with approval in Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 327 n.16, 91 S.Ct. 1434, 1442 n.16, 28 L.Ed.2d 788 (1971). *See also Allen v. McCurry*, 449 U.S. at 95 n.6, 101 S.Ct. at 414 n.6, 66 L.Ed.2d at 313 n.6. Fontneau argues, however, that this case presents an exception to the application of the doctrine of collateral estoppel under the principles set forth in *Worcester v. Commissioner*, 370 F.2d 713 (1st Cir. 1966). In *Worcester* this court refused to collaterally estop Worcester from relitigating the issue of civil tax fraud where the trial court, in the criminal action, in offering to suspend sentence and place Worcester on probation, conditioned the offer on the waiver of his right to appeal from the criminal conviction. *Id.*, 370 F.2d at 718. *Worcester* clearly fits into the category of cases wherein the defendant has been denied his right to a full and fair opportunity to litigate the issue in question to a final conclusion.

Fontneau has not presented any evidence to this court that he has been denied such an opportunity. In fact, the record reveals that, despite failing to appeal his conviction, Fontneau has had a hearing on the issue of the validity of his guilty plea to a charge of tax evasion for 1968. The trial judge, in the post-conviction hearing, denied Fontneau's petition on October 7, 1975. Fontneau chose not to appeal that decision. If Fontneau desired to contest that decision, he should have done so by a direct appeal. It is inappropriate for him to attack it collaterally before this court.

Finally, Fontneau admits in his brief that at the time of his guilty plea he realized that he would be required to pay income taxes and civil fraud penalties for 1968. Appellant's brief at 3, 5. The proper time to contest his liability for 1968 was therefore when he was still before the trial court in the criminal action. Fontneau chose to plead guilty, fully cognizant of the ramifications in terms of civil penalties. Scarce judicial resources would be dissipated were he allowed to relitigate this issue collaterally in a subsequent civil suit.

*Affirmed.*