LIBORIO MILITO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Milito v. Commissioner
Docket No. 4687-88.
United States Tax Court
T.C. Memo 1989-145; 1989 Tax Ct. Memo LEXIS 144; 57 T.C.M. (CCH) 10; T.C.M. (RIA) 89145; April 4, 1989
Patrick E. Whelan, for the respondent. WHALEN
MEMORANDUM OPINION WHALEN, Judge: This case is before us on respondent's Motion for Default Judgment Pursuant to Tax Court Rule 123(a), filed December 6, 1988. At issue is respondent's determination of the following deficiencies in, and additions to, petitioner's Federal income tax: Addition to Tax
Year
Deficiency
Section 6653(b) [1]
1978
$ 117,086.00
$ 58,543.00
1979
271,843.00
$   135,922.00
*145 These deficiencies and additions result from respondent's underlying determination that petitioner failed to report income derived from the sale of automobiles in the amount of $ 188,346.00 for 1978 and $ 410,466.00 for 1979. Petitioner, who resided in Staten Island, New York, filed his petition on March 10, 1988. Respondent's Answer, filed May 9, 1988, denied the substantive allegations of the petition, and affirmatively alleged: 7. FURTHER ANSWERING the petition and in support of the determination that all or part of the underpayments of tax required to be shown on the petitioner's income tax returns for the taxable years 1978 and 1979 is due to fraud, the respondent alleges: A. During the years at issue, the petitioner claimed to be unemployed. However, in reality, he conducted and participated in a used car business utilizing his wife's license as an automobile wholesaler in the state of New York. B. Due to prior criminal convictions for automobile violations, the petitioner could not legally sell used cars in the state of New York. C. The petitioner failed to file Federal income tax returns for the taxable years 1978 and 1979. D. The petitioner should have *146 reported as income on his tax returns the following amounts: 1.                  1978
Total sales to auctions
$ 749,212.00
Total other sales
151,104.00
Total sales
900,316.00
Profit markup (20.92%)
.2092  Total income which should
have been reported
$ 188,346.00
2.                  1979
Total sales to auctions
$ 1,567,010.00
Total other sales
395,065.00
Total sales
1,962,075.00
Profit markup (20.92%)
.2092   Total income which should
have been reported
$   410,466.00
E. During the taxable years 1978 and 1979, the petitioner failed to maintain or to submit for examination by the respondent complete and accurate books and records of his used car business activities as required by the applicable provisions of the Internal Revenue Code and the regulations promulgated thereunder. F. The petitioner used aliases, included among which are Frank Rico and Frank Ricci. G. The petitioner refused to make available any records to the respondent's examining agent. H. The petitioner's failure to file Federal income tax returns for the taxpayer *147 years 1978 and 1979 was fraudulent with intent to evade tax. I. The petitioner's failure to report large amounts of taxable income over a two year period was fraudulent with intent to evade tax. J. The petitioner's failure to maintain complete and accurate records of his used car sales and his failure to supply such records to the respondent in connection with the examination of the petitioner's income tax returns for the years at issue was fraudulent with intent to evade tax. K. The petitioner's use of aliases was fraudulent with intent to evade tax. L. The petitioner's understatement of his tax liabilities in the amount of $ 117,086.00 and $ 271,843.00 for the taxable years 1978 and 1979, respectively, was fraudulent with intent to evade tax. M. All or a part of the underpayments of tax required to be shown on the petitioner's income tax returns for the taxable years 1978 and 1979 is due to fraud on the part of the petitioner. Respondent's Answer further alleged that in United States v. Liborio Milito, Docket Number CR-84-00189, the United States District Court for the Eastern District of New York: (1) entered final judgment against petitioner on June 1, 1984, pursuant *148 to his plea of guilty made March 20, 1984; (2) convicted him under section 7201 for willfully attempting to evade or defeat his tax liability for the taxable year 1979; and (3) sentenced him to three years in prison, five years probation, and a fine of $ 15,000.00. Petitioner failed to file a Reply to respondent's Answer as required by Rule 37(a), to respond to or otherwise deny respondent's allegations, or to communicate with this Court in any fashion. On June 23, 1988, the Court served the parties with a trial notice setting this case for trial on November 28, 1988 in Newark, New Jersey. The trial notice specifically advised them as follows: The calendar for that Session will be called at 10:00 A.M. on that date and both parties are expected to be present at that time and be prepared to try the case. YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. Your attention is called to the Court's requirement that, if the case cannot be settled on a mutually satisfactory basis, the parties, before trial, must agree in writing to all facts and all documents about which there should be no disagreement. Therefore, the parties *149 should contact each other promptly and cooperate fully so that the necessary steps can be taken to comply with this requirement. YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. On June 23, 1988, the Court issued its Standing Pre-trial Order, directing the parties to prepare trial memoranda and a stipulation of facts, and informing them that the Court could impose appropriate sanctions, including dismissal of petitioner's case, for failure to comply with the order. Respondent's motion, supported by a sworn affidavit, alleges that, in accordance with this order, he took the following appropriate steps to prepare for trial: (1) on October 14, 1988, he sent a letter to petitioner at the address 641 Todt Hill Road, Staten Island, New York, 10304, scheduling a conference on October 21, 1988 to begin the preparation of a stipulation of facts, and instructing him to contact respondent if that date was inconvenient; (2) on October 21, 1988, he attempted to telephone petitioner when he failed to appear at the scheduled conference; (3) on October 28, 1988, he sent a second letter to petitioner at the same address warning him that respondent *150 would move for dismissal and entry of judgment against petitioner for both the deficiencies and additions to tax if he did not respond to respondent's requests regarding trial preparation; and (4) on November 10, 1988, he served petitioner with his trial memorandum, which again warned petitioner that respondent would move the Court to dismiss petitioner's case and sustain the additions to tax for fraud if petitioner did not participate in trial preparation. Petitioner failed to participate in trial preparation or respond in any fashion to respondent's attempts to communicate with him. Respondent's motion and supporting affidavit also allege that on November 22, 1988, Mr. Jack M. Portney telephoned respondent's attorney and explained that he was a Certified Public Accountant who had represented petitioner during the administrative proceedings in this case pursuant to petitioner's Power of Attorney. Mr. Portney advised respondent that petitioner had not been heard from for four and one-half months, and authorized respondent to represent to the Court that petitioner would default his case. Petitioner failed to appear, either in person or by representative, at the scheduled trial *151 of this case when it was called from the calendar on November 28, 1988, and recalled on November 30, 1988. Respondent subsequently moved the Court to hold petitioner in default under Rule 123(a) and enter judgment against him. The Court served petitioner with a copy of respondent's motion, to which he has not responded. There is no indication in the Court's records that petitioner did not receive our pre-trial order, the trial notice, or respondent's motion. Respondent contends that, based on the record, including the affirmative factual allegations contained in his Answer, we should hold petitioner in default and find him liable for both the tax deficiencies and the additions to tax for fraud under section 6653(b). We agree. Pursuant to Rule 123(a), this Court may hold any party in default when that "party has failed to plead or to otherwise proceed as provided by these rules or as required by the Court * * *," and "Thereafter, the Court may enter a decision against the defaulting party * * *." Application of Rule 123(a) is appropriate when a taxpayer has failed to appear at trial. Ritchie v. Commissioner,72 T.C. 126, 128-129 (1979). Additionally, petitioner *152 has failed "to plead or otherwise proceed," despite repeated warnings, by not participating in trial preparation, by not communicating with this Court, and by otherwise failing to prosecute his case. Smith v. Commissioner,91 T.C. 1049 (1988). The record reveals no reason to excuse either petitioner's failure to appear or his other inaction. Such conduct is sufficient for us to hold him in default. Respondent's determination of the underlying tax deficiencies is presumptively correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Castillo v. Commissioner,84 T.C. 405, 408 (1985). Respondent must prevail on the underlying deficiencies either on the ground that petitioner has defaulted by not appearing at trial or that he has failed to carry his burden of proof. Smith v. Commissioner, supra at 1052. Doncaster v. Commissioner,77 T.C. 334, 336 (1981). Accordingly, we grant respondent's motion and enter a decision by default against petitioner under Rule 123(a) with respect to the underlying tax deficiencies set forth in respondent's statutory notice. Respondent, however, bears the burden of *153 proving fraud under section 6653(b) by clear and convincing evidence. Section 7454(a); Rule 142(b); Castillo v. Commissioner, supra at 408. Respondent must show that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead or otherwise prevent the collection of those taxes, that there is an underpayment of tax, and that some portion of the underpayment for each taxable year was due to the taxpayer's fraudulent intent. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Webb v. Commissioner,394 F.2d 366, 377-378 (5th Cir. 1968), affg. T.C. Memo. 1966-81; Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983). The existence of fraud is a question of fact to be resolved upon review of the entire record. Rowlee v. Commissioner, supra at 1123; Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). While fraud will never be presumed, Beaver v. Commissioner,55 T.C. 85, 92 (1970), it may be *154 proved by circumstantial evidence, e.g., Stephenson v. Commissioner,79 T.C. 995, 1005-1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984). To carry his burden of proving fraud, respondent relies on the affirmative allegations of fact set forth in his Answer. This is an appropriate procedure under the Rules of this Court, and we may enter decision against a defaulting taxpayer under Rule 123(a) for an addition to tax for fraud if respondent has set forth specific affirmative allegations of fact which are sufficient to establish fraud. Smith v. Commissioner, supra at 1058. Petitioner's default, consisting of his failure to appear when his case was called and recalled for trial, has the effect of admitting all well-pleaded facts in respondent's Answer. Bosurgi v. Commissioner,87 T.C. 1403, 1409 (1986). If those facts are adequate to sustain a finding of fraud, then respondent is entitled to a default decision under Rule 123(a) for an addition to tax under section 6653(b). Smith v. Commissioner, supra at 1059. We believe that respondent's well-pleaded facts, taken to be true by reason of petitioner's *155 default, are sufficient to satisfy his burden of proving fraud in this case. First, petitioner failed to file returns for the years 1978 and 1979, resulting in a consequent underpayment of tax in the amounts of $ 117,086.00 and $ 271,843.00, respectively. Second, petitioner's fraudulent intent can be inferred from his entire course of conduct. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). Petitioner's pattern of failing to file income tax returns is circumstantial evidence of fraud. Zell v. Commissioner,763 F.2d 1139, 1145-1146 (10th Cir. 1985), affg. T.C. Memo. 1984-152; Castillo v. Commissioner, supra at 409. Petitioner's failure to keep adequate books and records is also a badge of fraud. Bradford v. Commissioner,796 F.2d 303 (9th Cir. 1986), affg. T.C. Memo. 1984-601. Petitioner's refusal to cooperate with respondent's efforts to determine his correct tax liability, in the context of this record, is a further indication of fraud. Stringer v. Commissioner,84 T.C. 693, 715 (1985), affd. *156 without published opinion 789 F.2d 917 (4th Cir. 1986); Rowlee v. Commissioner, supra at 1125; Grosshandler v. Commissioner,75 T.C. 1, 20 (1980). Petitioner's use of his wife's New York automobile wholesale license, despite the fact that he was prohibited from legally selling used cars in that state after certain criminal convictions, shows that petitioner engaged in illegal activities, which is a further indication of fraud. Bradford v. Commissioner, supra.Last, petitioner used various aliases. Generally, attempting to conceal illegal activities is a badge of fraud. Bradford v. Commissioner, supra.The use of aliases or fictitious names to conceal income is also evidence of fraud. See Cooperstein v. Commissioner,T.C. Memo. 1984-290; Yu v. Commissioner,T.C. Memo. 1973-188; Staff v. Commissioner,T.C. Memo. 1954-59. As additional support for his determination of fraud with respect to petitioner's 1979 tax year, respondent relies on petitioner's conviction, pursuant to his plea of guilty to a charge of criminal tax evasion under section 7201 for *157 the year 1979, to collaterally estop him from denying the fraudulent intent requirement of civil tax fraud for the same year. [2] A criminal conviction in Federal district court for Federal income tax evasion under section 7201 pursuant to a plea of guilty conclusively establishes a taxpayer's fraudulent intent in a subsequent civil tax fraud proceeding in this and other Federal courts through application of the doctrine of collateral estoppel. Gray v. Commissioner,708 F.2d 243, 246 (6th Cir. 1983), affg. T.C. Memo. 1981-1, cert. denied 466 U.S. 927 (1984); Fontneau v. United States,654 F.2d 8, 10 (1st Cir. 1981); Plunkett v. Commissioner,465 F.2d 299, 305-307 (7th Cir. 1972), affg. T.C. Memo. 1970-274; Brooks v. Commissioner,82 T.C. 413, 431 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985); Stone v. Commissioner, supra at 221; Arctic Ice Cream Co. v. Commissioner,43 T.C. 68, 74-75 (1964). We hold that petitioner's criminal conviction under section 7201 estops him from denying civil fraud for 1979. *158 Our review of the record as a whole, including the well-pleaded facts contained in respondent's Answer, reveals clear and convincing evidence that the deficiency for each of the subject years is due, at least in part, to fraud. Accordingly, we grant respondent's motion and enter a decision by default against petitioner under Rule 123(a) with respect to the additions to tax for fraud set forth in respondent's statutory notice. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect at the relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. There is no evidence in the record to suggest that the judgment of the district court against petitioner was modified or appealed, or has otherwise not become final. Because the record contains no evidence to the contrary, we assume that petitioner's guilty plea was voluntary, intelligent and informed. See Allen v. McCurry,449 U.S. 90 (1980); Gray v. Commissioner,708 F.2d 243, 245 (6th Cir. 1983), affg. T.C. Memo. 1981-1, cert. denied 446 U.S. 927↩ (1984).