CHESTER ZUKOWSKI, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zukowski v. Commissioner
Docket No. 2309-85
United States Tax Court
T.C. Memo 1990-113; 1990 Tax Ct. Memo LEXIS 113; 59 T.C.M. (CCH) 33; T.C.M. (RIA) 90113; March 7, 1990
Chester Zukowski, pro se. Julius Gonzalez, for the respondent. RUWE
MEMORANDUM OPINION *145 RUWE, Judge: This case is before the Court on respondent's motion for partial summary judgment, filed January 19, 1990, pursuant to Rule 121. [1]
Respondent's motion claims that he is entitled to summary judgment with *114 respect to the fraud and statute of limitations issues on the grounds that petitioner is collaterally estopped from denying fraud for each of the years in issue, because of his previous conviction for tax *146 evasion. Petitioner opposes respondent's motion, claiming that his previous conviction for tax evasion does not estop him from contesting the additions to tax for fraud determined against him under section 6653(b) for taxable years 1977 and 1978. Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Summary judgment is not a substitute for a trial. Disputes over factual issues are not to be resolved in such proceedings. Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). Rule 121 provides that either party may move for a summary judgment upon all or any part of the legal issues in controversy so long as there is no genuine issue of material fact. Rule 121(b) provides that a decision shall be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any *115 other acceptable materials, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Estate of Graves v. Commissioner, 92 T.C. 1294, 1295 (1989). It is undisputed that petitioner was convicted of tax evasion (26 U.S.C. sec. 7201 (1982)) for each of the years in issue. His conviction was affirmed on appeal. A criminal conviction based on an indictment charging a willful attempt to evade or defeat taxes necessarily carries with it the ultimate factual determination that the resulting deficiency was due to fraud. Gray v. Commissioner, 708 F.2d 243 (6th Cir. 1983), affg. a Memorandum Opinion of this Court; Fontneau v. United States, 654 F.2d 8 (1st Cir. 1981); Amos v. Commissioner, 43 T.C. 50, 55 (1964), affd. 360 F.2d 358 (4th Cir. 1965); Moore v. United States, 360 F.2d 353, 355 (4th Cir. 1965); Tomlinson v. Lefkowitz, 334 F.2d 262, 265 (5th Cir. 1964); Arctic Ice Cream Co. v. Commissioner, 43 T.C. 68, 74-76 (1964). This finding of fraud is necessitated by the fact *116 that the term "willfully," as used in 26 U.S.C. sec. 7201, comprehends a specific intent to evade or defeat the payment of tax. United States v. Pomponio, 429 U.S. 10, 12-13 (1976); Spies v. United States, 317 U.S. 492, 498 (1943); United States v. Murdock, 290 U.S. 389, 398 (1933); Kingsley v. Commissioner, T.C. Memo. 1990-79. Respondent is therefore entitled to summary judgment that any underpayments of tax are due to fraud. Our finding on this issue, however, does not preclude petitioner from contesting the actual amounts of the deficiencies during the trial of this case. Section 6501(c)(1) provides that, in the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed at any time. It is undisputed that petitioner was found guilty of attempting to evade income taxes for the years 1977 and 1978, by filing fraudulent income tax returns with the Internal Revenue Service. As previously held, petitioner is collaterally estopped to deny these facts. The provisions of section 6501(c)(1) apply and, therefore, the assessment of deficiencies and additions to tax *117 is not barred by the statute of limitations. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue.↩