(Slip Opinion) OCTOBER TERM, 2011 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## KAWASHIMA ET UX. *v.* HOLDER, ATTORNEY GENERAL

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 10–577.   Argued November 7, 2011—Decided February 21, 2012

An Immigration Judge ordered the removal of resident aliens Akio and Fusako Kawashima, determining that Mr. Kawashima's conviction for willfully making and subscribing a false tax return, 26 U. S. C. §7206(1), and Mrs. Kawashima's conviction for aiding and assisting in the preparation of a false tax return, §7206(2), qualified as crimes involving fraud or deceit under 8 U. S. C. §1101(a)(43)(M)(i) (Clause (i)) and thus were aggravated felonies for which they could be deported under §1227(a)(2)(A)(iii).  The Board of Immigration Appeals affirmed.  Holding that convictions under 26 U. S. C. §§7206(1) and (2) in which the Government's revenue loss exceeds $10,000 constitute aggravated felonies under Clause (i), the Ninth Circuit affirmed, but remanded for the Board to determine whether Mrs. Kawashima's conviction had caused a Government loss in excess of $10,000.

*Held:* Convictions under 26 U. S. C. §§7206(1) and (2) in which the Government's revenue loss exceeds $10,000 qualify as aggravated felonies pursuant to Clause (i). Pp. 3−11.

  (a) The Kawashimas' argument that they cannot be deported for the commission of an "aggravated felony" because crimes under §§7206(1) and (2) do not involve the fraud or deceit required by Clause (i) is rejected.  This Court looks to the statute defining the crime of conviction, rather than the specific facts underlying the crime, see *Gonzales* v. *Duenas-Alvarez*, 549 U. S. 183, 186, to determine whether the Kawashimas' offenses involve fraud or deceit within the meaning of Clause (i).  Section 7206(1) provides that any person who "willfully makes and subscribes any return . . . which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and

correct as to every material matter," shall be guilty of a felony. Although the words "fraud" and "deceit" are absent from §7206(1) and are not themselves formal elements of the crime, it does not follow that Mr. Kawashima's offense falls outside Clause (i). Clause (i) is not limited to offenses that include fraud or deceit as formal elements. Rather, it refers more broadly to offenses involving fraud or deceit—meaning offenses with elements that necessarily entail fraudulent or deceitful conduct. Mr. Kawashima's conviction under §7206(1) involved deceitful conduct in that he knowingly and willfully submitted a tax return that was false as to a material matter. Mrs. Kawashima was convicted of violating §7206(2), which declares that any person who "[w]illfully aids or assists in . . . the preparation or presentation . . . of a return . . . which is fraudulent or is false as to any material matter" has committed a felony. She committed a felony involving deceit by knowingly and willfully assisting her husband's filing of a materially false tax return. Pp. 3−6.

(b) The Kawashimas' argument that Clause (i), when considered in light of 8 U. S. C. §1101(a)(43)(M)(ii) (Clause (ii)), must be interpreted as being inapplicable to tax crimes is also rejected. Clause (i) defines "aggravated felony" to mean an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." Clause (ii) defines "aggravated felony" as an offense that is "described in section 7201 of title 26 (relating to tax evasion) in which the revenue loss to the Government exceeds $10,000." Contrary to the Kawashimas' claim, the difference in the clauses' language—"revenue loss to the Government" in Clause (ii) compared to "loss to the victim" in Clause (i)—does not establish Congress' intent to remove tax crimes from the scope of Clause (i). By its plain language, Clause (i) covers a broad class of offenses that involve fraud or deceit, and Congress' decision to tailor Clause (ii)'s language to match the sole type of offense it covers does not demonstrate that Congress intended to implicitly circumscribe Clause (i)'s broad scope. Furthermore, interpreting Clause (i) to include tax crimes does not violate the presumption against superfluities. The specific inclusion of tax evasion in Clause (ii) does not make it redundant to Clause (i) because the inclusion was intended to ensure that tax evasion pursuant to 26 U. S. C. §7201 was a deportable offense. Pp. 6−10.

(c) The United States Sentencing Guidelines' separate treatment of tax crimes and crimes involving fraud and deceit does not support the Kawashimas' contention that Congress did not intend to include tax crimes within Clause (i). No evidence suggests that Congress considered the Guidelines when drafting 8 U. S. C. §1101(a)(43)(M). Moreover, the differences between §1101(a)(43)(M) and the Guidelines undercut any inference that Congress was incorporating the distinction

Syllabus

drawn by the Guidelines into §1101(a)(43)(M).  Pp. 10−11.

(d) Construing §1101(a)(43)(M) in the Kawashimas' favor under the rule of lenity is not warranted in light of the statute's clear application.  P. 11.

615 F. 3d 1043, affirmed.

THOMAS, J., delivered the opinion of the Court, in which ROBERTS, C. J., and SCALIA, KENNEDY, ALITO, and SOTOMAYOR, JJ., joined.  GINS-BURG, J., filed a dissenting opinion, in which BREYER and KAGAN, JJ., joined.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 10–577

AKIO KAWASHIMA, ET UX., PETITIONERS *v.* ERIC H. HOLDER, JR., ATTORNEY GENERAL

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

[February 21, 2012]

JUSTICE THOMAS delivered the opinion of the Court.

This case concerns whether aliens who commit certain federal tax crimes are subject to deportation as aliens who have been convicted of an aggravated felony. We hold that violations of 26 U. S. C. §§7206(1) and (2) are crimes "involv[ing] fraud or deceit" under 8 U. S. C. §1101(a)(43)(M)(i) and are therefore aggravated felonies as that term is defined in the Immigration and Nationality Act, 8 U. S. C. §1101 *et seq.*, when the loss to the Government exceeds $10,000.

I

Petitioners, Akio and Fusako Kawashima, are natives and citizens of Japan who have been lawful permanent residents of the United States since June 21, 1984. In 1997, Mr. Kawashima pleaded guilty to one count of willfully making and subscribing a false tax return in violation of 26 U. S. C. §7206(1). Mrs. Kawashima pleaded guilty to one count of aiding and assisting in the preparation of a false tax return in violation of 26 U. S. C. §7206(2).

Following their convictions, the Immigration and Natu-

ralization Service charged the Kawashimas with being deportable from the United States as aliens who had been convicted of an aggravated felony.[1]  See 8 U. S. C. §1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable").[2]  In the Immigration and Nationality Act, Congress listed categories of offenses that qualify as "aggravated felonies" for the purpose of deportation.  See §1101(a)(43). Here, the Government charged the Kawashimas with being deportable for committing offenses under subparagraph (M) of §1101(a)(43).  That subparagraph classifies as an aggravated felony an offense that either: "(i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000; or (ii) is described in section 7201 of title 26 (relating to tax evasion) in which the revenue loss to the Government exceeds $10,000."  Hereinafter, we refer to §1101(a)(43)(M)(i) as "Clause (i)" and to §1101(a)(43)(M)(ii) as "Clause (ii)."

At their deportation hearing, the Kawashimas argued that their convictions under 26 U. S. C. §7206 did not qualify as aggravated felonies under subparagraph (M). The Immigration Judge disagreed and ordered removal, concluding that the Kawashimas' convictions qualified as aggravated felonies under Clause (i).  The Kawashimas appealed the removal order to the Board of Immigration Appeals (Board), which affirmed the Immigration Judge's decision.  After unsuccessfully petitioning the Board to

_____

[1] On March 1, 2003, most of the functions of the Immigration and Naturalization Service were transferred to the Bureau of Immigration and Customs Enforcement, and the Immigration and Naturalization Service ceased to exist.

[2] Before 1996, there were two procedures for removing aliens from the country: "deportation" of aliens who were already present, and "exclusion" of aliens seeking entry or reentry into the country.  Since 1996, the Government has used a unified procedure, known as "removal," for both exclusion and deportation.  See 8 U. S. C. §§1229, 1229a.  We use the terms "deportation" and "removal" interchangeably in this opinion.

reopen its decision, the Kawashimas filed petitions for review of the Board's decision in the United States Court of Appeals for the Ninth Circuit.

The Ninth Circuit held that "convictions for violating §§7206(1) and (2) in which the tax loss to the Government exceeds $10,000 constitute aggravated felonies under subsection (M)(i)." 615 F. 3d 1043, 1053 (2010). The court concluded that Mr. Kawashima's conviction under §7206(1) qualified as an aggravated felony within Clause (i)'s definition "because it involved 'fraud or deceit' and because his offense resulted in a loss to the government in excess of $10,000." *Id.*, at 1055. The Ninth Circuit also determined that Mrs. Kawashima's conviction under §7206(2) "necessarily 'involve[d] fraud or deceit.'" *Id.,* at 1055. But because Mrs. Kawashima's plea agreement was not in the administrative record, the Ninth Circuit remanded to the Board to determine whether Mrs. Kawashima's conviction had caused a loss to the Government in excess of $10,000. *Id.,* at 1056–1057.

We granted the Kawashimas' petition for a writ of certiorari to determine whether their convictions for violations of 26 U. S. C. §§7206(1) and (2) respectively qualify as aggravated felonies under 8 U. S. C. §1101(a)(43)(M)(i). 563 U. S. \_\_\_ (2011). We now affirm.

## II

The Kawashimas argue that they cannot be deported for commission of an "aggravated felony" because crimes under §§7206(1) and (2) do not "involv[e] fraud or deceit" as required by Clause (i). The Kawashimas also assert that their convictions under §7206 are not "aggravated felonies" because tax crimes are not included within Clause (i) at all. We address each argument in turn.

### A

The Kawashimas contend that their offenses of convic-

tion do not fall within the scope of Clause (i) because neither "fraud" nor "deceit" is a formal element of a conviction under §7206(1) or §7206(2). The Government responds that the Kawashimas' convictions necessarily involved deceit because they required a showing that the Kawashimas willfully made materially false statements. To determine whether the Kawashimas' offenses "involv[e] fraud or deceit" within the meaning of Clause (i), we employ a categorical approach by looking to the statute defining the crime of conviction, rather than to the specific facts underlying the crime. See *Gonzales* v. *Duenas-Alvarez*, 549 U. S. 183, 186 (2007) (applying the approach set forth in *Taylor* v. *United States*, 495 U. S. 575, 599–600 (1990)). If the elements of the offenses establish that the Kawashimas committed crimes involving fraud or deceit, then the first requirement of Clause (i) is satisfied.[3]

Mr. Kawashima was convicted of violating 26 U. S. C. §7206(1), which provides that any person who "[w]illfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter," shall be guilty of a felony. Mr. Kawashima does not dispute that the elements of a violation of §7206(1) include, *inter alia*, that the document in question was false as to a material matter, that the defendant did not believe the document to be true and correct as to every material matter, and that he acted willfully with the specific intent to violate the law. See, *e.g., United States* v. *Aramony*, 88 F. 3d 1369, 1382 (CA4 1996); *United States* v. *Kaiser*, 893 F. 2d 1300, 1305 (CA11 1990); *United States* v.

_____

[3] We note that the issue whether the Kawashimas' offenses satisfy the second requirement of Clause (i)—that the loss to the victim exceeded $10,000—is not before us. We address only whether their offenses of conviction qualify as crimes "involv[ing] fraud or deceit."

*Marabelles*, 724 F. 2d 1374, 1380 (CA9 1984); *United States* v. *Whyte*, 699 F. 2d 375, 381 (CA7 1983). Although the words "fraud" and "deceit" are absent from the text of §7206(1) and are not themselves formal elements of the crime, it does not follow that his offense falls outside of Clause (i). The scope of that clause is not limited to offenses that include fraud or deceit as formal elements. Rather, Clause (i) refers more broadly to offenses that "involv[e]" fraud or deceit—meaning offenses with elements that necessarily entail fraudulent or deceitful conduct.

When subparagraph (M) was enacted, the term "deceit" meant a "the act or process of deceiving (as by falsification, concealment, or cheating)." Webster's Third New International Dictionary 584 (1993). Mr. Kawashima's conviction under §7206(1) establishes that he knowingly and willfully submitted a tax return that was false as to a material matter. He therefore committed a felony that involved "deceit."

Turning to Mrs. Kawashima, our analysis follows a similar path. Mrs. Kawashima was convicted of violating 26 U. S. C. §7206(2), which declares that any person who "[w]illfully aids or assists in . . . the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter," has committed a felony. Mrs. Kawashima does not dispute that the elements of a violation of §7206(2) include, *inter alia*, that the document in question was false as to a material matter and that the defendant acted willfully. See *Aramony*, *supra*, at 1382; *United States* v. *Sassak*, 881 F. 2d 276, 278 (CA6 1989); *United States* v. *Hooks*, 848 F. 2d 785, 788–789 (CA7 1988); *United States* v. *Dahlstrom*, 713 F. 2d 1423, 1426–1427 (CA9 1983). We conclude that Mrs. Kawashima's conviction establishes that, by knowingly and willfully

assisting her husband's filing of a materially false tax return, Mrs. Kawashima also committed a felony that involved "deceit."

The language of Clause (i) is clear. Anyone who is convicted of an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000" has committed an aggravated felony and is subject to deportation pursuant to 8 U. S. C. §1227(a)(2)(A)(iii). The elements of willfully making and subscribing a false corporate tax return, in violation of 26 U. S. C. §7206(1), and of aiding and assisting in the preparation of a false tax return, in violation of 26 U. S. C. §7206(2), establish that those crimes are deportable offenses because they necessarily entail deceit.

## B

The Kawashimas' second argument is based on inferences drawn from the interaction of Clause (i) and Clause (ii). The full text of subparagraph (M) reads as follows:

 "(43) The term 'aggravated felony' means—

.         .         .         .         .

"(M) an offense that—
"(i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000; or
"(ii) is described in section 7201 of title 26 (relating to tax evasion) in which the revenue loss to the Government exceeds $10,000."

The Kawashimas argue that when Clause (i) is read together with Clause (ii), Clause (i) must be interpreted as being inapplicable to tax crimes. In their view, subparagraph (M), when considered in its entirety, demonstrates that Congress was addressing two mutually exclusive categories of crimes in subparagraph (M)'s two clauses:

general, non-tax crimes involving fraud or deceit that cause actual losses to real victims in Clause (i), and tax crimes involving revenue losses to the Government in Clause (ii). For the reasons discussed below, this argument cannot overcome the plain language of Clause (i), which encompasses the Kawashimas' offenses of conviction.

### 1

The Kawashimas contend that textual differences between Clauses (i) and (ii) indicate that Congress intended to exclude tax crimes from Clause (i). Specifically, they note that Clause (i) addresses "loss to the victim," whereas Clause (ii) addresses "revenue loss to the Government."

This difference in language does not establish Congress' intent to remove tax crimes from the scope of Clause (i). Clause (i) covers a broad class of offenses that involve fraud or deceit. Clause (i) thus uses correspondingly broad language to refer to the wide range of potential losses and victims. Clause (ii), on the other hand, is limited to the single type of offense "described in section 7201 of title 26 (relating to tax evasion)," which, by definition, can only cause one type of loss (revenue loss) to one type of victim (the Government). Congress' decision to tailor Clause (ii)'s language to match the sole type of offense covered by Clause (ii) does not demonstrate that Congress also intended to implicitly circumscribe the broad scope of Clause (i)'s plain language.

### 2

Next, the Kawashimas argue that interpreting Clause (i) to include tax crimes violates the presumption against superfluities by rendering Clause (ii) completely redundant to Clause (i). Clause (ii) explicitly states that convictions for tax evasion pursuant to 26 U. S. C. §7201 that cause a revenue loss of at least $10,000 to the Gov-

ernment are aggravated felonies. The Kawashimas assert
that, if Clause (i) applies to tax crimes, then qualifying
convictions for tax evasion under Clause (ii) would also
qualify as aggravated felonies under Clause (i), because
tax evasion is a crime involving fraud or deceit. To but-
tress this argument, the Kawashimas point to a body of
law providing that a conviction for tax evasion under
§7201 collaterally estops the convicted taxpayer from
contesting a civil penalty under 26 U. S. C. §6663(b) for
"underpayment . . . attributable to fraud." See, *e.g., Gray*
v. *Commissioner,* 708 F. 2d 243, 246 (CA6 1983) ("Numer-
ous federal courts have held that a conviction for federal
income tax evasion, either upon a plea of guilty, or upon
a jury verdict of guilt, conclusively establishes fraud in a
subsequent civil tax fraud proceeding through application
of the doctrine of collateral estoppel"). Therefore, accord-
ing to the Kawashimas, if Clause (i) covers tax offenses,
then Clause (ii) is mere surplusage.

    We disagree with the Kawashimas' contention that the
specific mention of one type of tax crime in Clause (ii)
impliedly limits the scope of Clause (i)'s plain language,
which extends to any offense that "involves fraud or de-
ceit." We think it more likely that Congress specifically
included tax evasion offenses under 26 U. S. C. §7201 in
Clause (ii) to remove any doubt that tax evasion qualifies
as an aggravated felony.

    Several considerations support this conclusion. Like
§§7206(1) and (2), §7201 does not, on its face, mention
fraud or deceit. Instead, §7201 simply provides that "[a]ny
person who willfully attempts in any manner to evade or
defeat any tax imposed by [the Internal Revenue Code] or
the payment thereof shall, in addition to other penalties
provided by law, be guilty of a felony." Accordingly, nei-
ther fraud nor deceit is among the elements of a conviction
under §7201, which include: (1) willfulness; (2) the exist-
ence of a tax deficiency; and (3) an affirmative act consti-

tuting an evasion or an attempted evasion of the tax. *Boulware* v. *United States*, 552 U. S. 421, 424, n. 2 (2008). A conviction under §7201, therefore, only qualifies as an aggravated felony under Clause (i) if a willful, affirmative attempt to evade a tax necessarily entails fraud or deceit.

This Court's decision in *United States* v. *Scharton*, 285 U. S. 518 (1932), gave Congress good reason to doubt that a conviction under §7201 satisfies that condition. In *Scharton*, the defendant was indicted for attempting to evade income taxes by falsely understating his taxable income. The question before the Court was whether the crime was subject to the 3-year statute of limitations generally applicable to tax crimes, or whether it was instead subject to the 6-year statute of limitations applicable to "'offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner.'" *Id.*, at 520, n. 2 (quoting 18 U. S. C. §585 (1962 ed., Supp. V)). The Government argued that the 6-year statute of limitations applied because "fraud is implicit in the concept of evading or defeating" and because any effort to evade a tax is tantamount to an attempt to defraud the taxing body. 285 U. S., at 520–521. The Court rejected that argument, noting that, in an indictment for evasion, "an averment [of intent to defraud] would be surplusage, for it would be sufficient to plead and prove a willful attempt to evade or defeat." *Id.*, at 521.

Moreover, §7201 includes two offenses: "the offense of willfully attempting to evade or defeat the *assessment* of a tax as well as the offense of willfully attempting to evade or defeat the *payment* of a tax." *Sansone* v. *United States*, 380 U. S. 343, 354 (1965) (emphasis in original). As the Government notes, it is possible to willfully evade or defeat payment of a tax under §7201 without making any misrepresentation. For example, §7201 can be violated by a taxpayer who files a truthful tax return, but who also

takes affirmative steps to evade payment by moving his
assets beyond the reach of the Internal Revenue Service.
Although the Government concedes that evasion-of-
payment cases will almost invariably involve some affirm-
ative acts of fraud or deceit, it is still true that the ele-
ments of tax evasion pursuant to §7201 do not *necessarily*
involve fraud or deceit.  Thus, we conclude that the specif-
ic inclusion of tax evasion in Clause (ii) was intended to
ensure that tax evasion pursuant to §7201 was a deporta-
ble offense.  Clause (ii) does not implicitly remove all other
tax offenses from the scope of Clause (i)'s plain language.

                                3

   The Kawashimas also assert that the separate treat-
ment of tax crimes and crimes involving fraud and deceit
in the United State Sentencing Guidelines supports their
contention that Congress did not intend to include tax
crimes within Clause (i).  They point to the fact that, in
1987, the United States Sentencing Commission included
within the Guidelines a category of "offenses involving
fraud or deceit."  USSG §§2F1.1 to 2F1.2 (deleted effec-
tive Nov. 1, 2001).  The Commission simultaneously in-
cluded "offenses involving taxation" as a separate category.
§§2T1.1 *et seq.* (Nov. 2011).  Although the Kawashimas
acknowledge that they have found no evidence that Con-
gress actually considered the Guidelines, they contend
that "it is likely that the language of [Clause (i)] and
[Clause (ii)] was taken from the Sentencing Guidelines" by
the sponsors of the bill that expanded the definition of
aggravated felony to include subparagraph (M).  Brief for
Petitioners 29.  Therefore, the theory goes, we can infer
from the similar language in the Guidelines that Congress
did not intend Clause (i) to include tax crimes.
   We reject the Kawashimas' reliance on the Guidelines.
The Kawashimas' argument is at odds with the fact that,
unlike the Guideline that the Kawashimas cite, Clause (ii)

does not refer to all offenses "involving taxation." Rather, Clause (ii) is expressly limited to tax evasion offenses under §7201. That textual difference undercuts any inference that Congress was considering, much less incorporating, the distinction drawn by the Guidelines.

C

Finally, the Kawashimas argue that subparagraph (M)'s treatment of tax crimes other than tax evasion is ambiguous, and that we should therefore construe the statute in their favor. It is true that we have, in the past, construed ambiguities in deportation statutes in the alien's favor. See *INS* v. *St. Cyr*, 533 U. S. 289, 320 (2001). We think the application of the present statute clear enough that resort to the rule of lenity is not warranted.

\*    \*    \*

For the foregoing reasons, we conclude that convictions under 26 U. S. C. §§7206(1) and (2) in which the revenue loss to the Government exceeds $10,000 qualify as aggravated felonies pursuant to 8 U. S. C. §1101(a)(43)(M)(i). Because the Kawashimas are subject to deportation as aliens who have been convicted of aggravated felonies pursuant to 8 U. S. C. §1227(a)(2)(A)(iii), the judgment of the Court of Appeals is affirmed.

*It is so ordered.*

# SUPREME COURT OF THE UNITED STATES

_____

No. 10–577

_____

AKIO KAWASHIMA, ET UX., PETITIONERS *v.* ERIC H. HOLDER, JR., ATTORNEY GENERAL

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

[February 21, 2012]

JUSTICE GINSBURG, with whom JUSTICE BREYER and JUSTICE KAGAN join, dissenting.

Petitioner Akio Kawashima was convicted of preparing a false corporate tax return in violation of 26 U. S. C. §7206(1). His wife, petitioner Fusako Kawashima, was convicted under §7206(2) of assisting her husband in preparing the false return. The question presented is whether a conviction under §7206 is an "aggravated felony" that renders the Kawashimas deportable from the United States. See 8 U. S. C. §1227(a)(2)(A)(iii).

Congress has defined "aggravated felony" to include, *inter alia*, offenses that "(i) involv[e] fraud or deceit in which the loss to the victim or victims exceeds $10,000" or "(ii) [are] described in section 7201 of title 26 (relating to tax evasion) in which the revenue loss to the Government exceeds $10,000." §1101(a)(43)(M). The Kawashimas argue that tax offenses triggering deportation are delineated exclusively in §1101(a)(43)(M)(ii) (or Clause (ii)), and that §1101(a)(43)(M)(i) (or Clause (i)) does not encompass tax crimes. The Court rejects this argument, and holds that any tax offense "involv[ing] fraud or deceit," if the loss to the fisc exceeds $10,000, ranks as an "aggravated felony." See *ante*, at 11. Because the Kawashimas' tax offense involved deceit and meets the monetary threshold, the Court concludes, they have committed an aggravated

felony and are therefore deportable.

The Court's construction of the statute is dubious, as I see it. For one thing, it effectively renders Clause (ii) superfluous. Further, the Court's reading sweeps a wide variety of federal, state, and local tax offenses—including misdemeanors—into the "aggravated felony" category. In addition, today's decision may discourage aliens from pleading guilty to tax offenses less grave than tax evasion, thereby complicating and delaying enforcement of the internal revenue laws. I conclude that Clause (i) does not address tax offenses, and would therefore hold that making a false statement on a tax return in violation of §7206 is not an "aggravated felony."

I

Any alien convicted of an "aggravated felony" after admission to the United States is deportable. 8 U. S. C. §1227(a)(2)(A)(iii). Subparagraph (M) of §1101(a)(43) includes as an "aggravated felony":

"an offense that—
   "(i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000; or
   "(ii) is described in section 7201 of title 26 (relating to tax evasion) in which the revenue loss to the Government exceeds $10,000."

Notably, Clause (i) speaks of "loss to the victim," Clause (ii) of "revenue loss to the Government." The Kawashimas contend that Clause (i) covers crimes of fraud or deceit causing losses unrelated to tax revenue. Tax crimes, they argue, are addressed exclusively in Clause (ii), and that clause designates only tax evasion proscribed by 26 U. S. C. §7201 as an "aggravated felony." Willfully submitting a false statement proscribed by §7206, the Kawashimas maintain, is not an "aggravated felony" that would render them deportable under 8 U. S. C.

§1227(a)(2)(A)(iii).

The Government contends that Clause (i) covers all tax offenses involving fraud or deceit, and that Congress included Clause (ii) out of caution, to make certain that persons convicted of tax evasion would be subject to deportation. Under the Government's construction, because the crime of making a false statement on a tax return involves "fraud" or "deceit," the Kawashimas committed an aggravated felony. See *ante*, at 5 ("the words 'fraud' and 'deceit' are absent from the text of §7206(1) and are not themselves formal elements of the crime," nonetheless, "[the] elements [of a §7206 crime] necessarily entail fraudulent or deceitful conduct").

The Court's task is to determine which reading of the statute is correct. If the two proffered constructions of subparagraph (M) are plausible in roughly equal measure, then our precedent directs us to construe the statute in the Kawashimas' favor. See *Fong Haw Tan* v. *Phelan*, 333 U. S. 6, 10 (1948) ("We resolve the doubts in favor of [the alien] because deportation is a drastic measure . . . ."); *INS* v. *St. Cyr*, 533 U. S. 289, 320 (2001) (same).

## II

### A

In interpreting 8 U. S. C. §1101(a)(43)(M), I would rely upon the familiar canon that statutes should be interpreted to avoid superfluity. See *Corley* v. *United States*, 556 U. S. 303, 314 (2009) (quoting *Hibbs* v. *Winn*, 542 U. S. 88, 101 (2004) ("[O]ne of the most basic interpretive canons" is that a "statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant . . . .")). If Clause (i) is construed to apply to tax crimes, then Clause (ii)'s discrete inclusion of tax evasion would add nothing, for tax evasion is itself an offense that, in all actual instances of which the Government is aware, "involves fraud or deceit." See

§1101(a)(43)(M)(i); Tr. of Oral Arg. 30–31.

The elements of tax evasion are the existence of a tax deficiency, willfulness, and "an affirmative act constituting an evasion or attempted evasion of the tax." *Sansone* v. *United States*, 380 U. S. 343, 351 (1965). As this Court's decisions indicate, the evasion of taxes involves deceit or fraud upon the Government, achieved by concealing a tax liability or misleading the Government as to the extent of the liability. See, *e.g.*, *Spies* v. *United States*, 317 U. S. 492, 499 (1943) (an act of tax evasion may be "any conduct, the likely effect of which would be to mislead or to conceal"). Accordingly, courts have determined that tax evasion is a crime of moral turpitude, because it necessarily involves fraud. See, *e.g.*, *Carty* v. *Ashcroft*, 395 F. 3d 1081, 1085, n. 7 (CA9 2005) (fraud is "implicit in the nature of the crime" of tax evasion); *Considine* v. *United States*, 683 F. 2d 1285, 1287 (CA9 1982) ("The express language of section 7201 requires an intent to avoid tax (a legitimate synonym for fraud)."); *Costello* v. *INS*, 311 F. 2d 343, 348 (CA2 1962) ("There can be no 'wilful' [tax] evasion without a specific intent to defraud."), rev'd on other grounds, 376 U. S. 120 (1964).

Even more to the point, courts have held that a conviction for tax evasion under 26 U. S. C. §7201 "conclusively establishes fraud in a subsequent civil tax fraud proceeding." *Gray* v. *Commissioner*, 708 F. 2d 243, 246 (CA6 1983); see *Klein* v. *Commissioner*, 880 F. 2d 260, 262 (CA10 1989) (conviction under 7201 "collaterally estops a taxpayer from denying fraud [in a] civil tax case involving the same years").[1] This preclusive effect obtains, courts have explained, because "'willful' [tax evasion] includes all of the elements of fraud." *Tomlinson* v. *Lefkowitz*, 334

_____

[1] See also, *e.g.*, *Blohm* v. *Commissioner*, 994 F. 2d 1542, 1554 (CA11 1993); *Fontneau* v. *United States*, 654 F. 2d 8, 10 (CA1 1981) *(per curiam)*; *Plunkett* v. *Commissioner*, 465 F. 2d 299, 307 (CA7 1972).

F. 2d 262, 265 (CA5 1964); see *Gray*, 708 F. 2d, at 246 ("The elements of criminal tax evasion and civil tax fraud are identical."); *Moore* v. *United States*, 360 F. 2d 353, 356 (CA4 1966) ("[W]hile the criminal evasion statute does not explicitly require a finding of fraud, the case-by-case process of construction of the civil [fraud] and criminal tax provisions has demonstrated that their constituent elements are identical.").

Tax offenses span a wide range, from failure to file a tax return, 26 U. S. C. §7203, to the unauthorized use of tax stamps, §7209. But "the gravest of offenses against the revenues," this Court has said, the "capstone" of tax law violations, is tax evasion. *Spies*, 317 U. S., at 497, 499; see *Boulware* v. *United States*, 552 U. S. 421, 424 (2008). Tellingly, the Kawashimas pleaded guilty to a crime carrying a maximum prison term of three years, §7206; for tax evasion, the maximum term is five years, §7201. It is thus understandable that Congress would single out tax evasion, as it did in Clause (ii), specifically designating it, and no other tax crime, an "aggravated felony" for deportation purposes.

The Court ascribes a different purpose to Clause (ii). Tax evasion, made criminal by §7201, the Court states, "almost invariably," but "not *necessarily*[,] involve[s] fraud or deceit." *Ante*, at 10. But see *supra*, at 4 and this page. Congress likely included Clause (ii), the Court suggests, simply "to remove any doubt that tax evasion qualifies as an aggravated felony." *Ante*, at 8. In other words, in holding that Clause (i) includes tax offenses, the Court finds Clause (ii) largely, but not totally, redundant.

In support of the notion that tax evasion can occur without fraud or deceit, the Court cites *United States* v. *Scharton*, 285 U. S. 518 (1932); see *ante*, at 9. In that long-obsolete case, the Court rejected the Government's plea for the application of an extended limitation period to a prosecution for tax evasion. The generally applicable

statute of limitations was three years; for tax offenses that involve defrauding the United States, however, the limitation period was six years.  An averment of intent to defraud, the Court said in *Scharton*, would be "surplusage," for it would suffice "to plead and prove a wilful attempt to evade or defeat."  285 U. S., at 521.

Courts had limited *Scharton* to its statute of limitations context several decades before Congress enacted §1101(a)(43)(M) in 1994.  See *Tseung Chu* v. *Cornell*, 247 F. 2d 929, 936, n. 6 (CA9 1957) (distinguishing *Scharton* and holding that tax evasion is a crime of moral turpitude because it entails fraud); *Lefkowitz*, 334 F. 2d, at 265 (distinguishing *Scharton* and holding that tax evasion necessarily involves fraud).  Moreover, Congress, since 1954, has expressly prescribed a six-year limitation period for tax evasion.  See 26 U. S. C. §6531(2).  In short, *Scharton* is a cryptic, thinly reasoned opinion, one that did not influence subsequent federal-court description of the crime of tax evasion.  The suggestion that Congress may have worried about *Scharton* when framing legislation over 60 years later is hardly credible.

The Court presents another reason, drawn from the Government's brief, why Congress may have treated tax evasion discretely, while embracing tax crimes generally within the Clause (i) category.  Section 7201 covers both evasion of assessment and evasion of payment.  Imagine a taxpayer who files a truthful return, then moves her assets to a place "beyond the reach of the Internal Revenue Service."  *Ante*, at 10; see Brief for Respondent 34.  The Court acknowledges that evasion-of-payment cases almost always "involve some affirmative acts of fraud or deceit."  *Ante*, at 10.  Still, there may be a rare case in which that is not so.  Rare, indeed; imaginary would be an apt characterization.  The Government conceded that, to its knowledge, there have been no actual instances of indictments for tax evasion unaccompanied by any act of fraud

or deceit. Tr. of Oral Arg. 30–31.

The canon that statutes should be interpreted to avoid su-perfluity cannot be skirted as easily as the Government here urges. We have declined to interpret legislation in a way that "would in practical effect render [a provision] entirely superfluous in all but the most unusual circum-stances." *TRW Inc.* v. *Andrews*, 534 U. S. 19, 29 (2001). It is hardly sufficient for the Government to hypothesize a case in which the provision might have some independent role. See *id.*, at 30. Where, as here, "the Government concede[s] that the independent function one could attrib-ute to the [provision] would [rarely] arise," a construction moored to a case "most unlikely" to exist should be reject-ed. *Id.*, at 31. It is highly improbable that "a pro-viso accounting for more than half of [the] text" of §1101(a)(43)(M), *i.e.*, Clause (ii), "would lie dormant in all but the most unlikely situations." See 534 U. S., at 31.

Congress' aim in drafting §1101(a)(43) was to determine which crimes are sufficiently serious to warrant the "dras-tic measure" of deportation, and which are not. See *Fong Haw Tan*, 333 U. S., at 10. It is implausible that Con-gress, when drafting §1101(a)(43)(M), intended to address, or was even aware of, the Government's scenario: a tax-payer who files a truthful return, then, to thwart collec-tion of the tax due, moves all her assets offshore. Far more likely, Congress did not intend to include tax offens-es in §1101(a)(43)(M)(i), but instead drafted that provision to address fraudulent schemes against private victims, then added §1101(a)(43)(M)(ii) so that the "capstone" tax offense against the Government also qualified as an ag-gravated felony. See *supra,* at 5.

B

The Court's construction of the statute is even less plausible given the numerous offenses it would rank as "aggravated felon[ies]." Many federal tax offenses, like 26

U. S. C. §7206, involve false statements or misleading conduct. See, *e.g.*, §7202 (failing to truthfully account for and pay taxes owed). Conviction of any of these offenses, if the Court's construction were correct, would render an alien deportable. So would conviction of state and local tax offenses involving false statements. *Ferreira* v. *Ashcroft*, 390 F. 3d 1091, 1096–1097 (CA9 2004) (state-law offenses qualify as offenses involving fraud or deceit under 8 U. S. C. §1101(a)(43)(M)); see, *e.g.*, Del. Code Ann., Tit. 30, §574 (2009) (submitting a tax return false as to any material matter is a criminal offense); D. C. Code §47–4106 (2001–2005) (same); Ala. Code §40–29–114 (2003) (same); Va. Code Ann. §58.1–1815 (2009) (willfully failing to account truthfully for and pay certain taxes is a criminal offense).

Rendering all tax offenses involving false statements "aggravated felon[ies]" that subject an alien to deportation is all the more problematic, for many of these offenses are misdemeanors. Among federal misdemeanors, see, *e.g.*, 26 U. S. C. §7204 ("furnish[ing] a false" W-2 form to an employee); §7205 ("suppl[ying] false or fraudulent information" to an employer); §7207 (filing a return "known . . . to be false as to any material matter"). On the state and local level, see, *e.g.*, Cal. Rev. & Tax. Code Ann. §1610.4 (West 1998) ("Every person who wilfully states anything which he knows to be false in any oral or written statement, not under oath, required or authorized to be made as the basis of an application to reduce any tax or assessment, is guilty of a misdemeanor."); N. D. Cent. Code Ann. §57–37.116 (Lexis 2011) ("Every person who willfully and knowingly subscribes or makes any false statement of facts [on an estate tax return] . . . is guilty of a class A misdemeanor."); Columbus, Ohio City Code §§361.31(a)(4), (b), (d) (2009) (any person who "knowingly make[s] and file[s] an incomplete, false or fraudulent [municipal] return" is guilty of a fourth-degree misdemeanor).

Nor would the $10,000 threshold set in 8 U. S. C. §1101(a)(43)(M) prevent deportation for tax crimes far less serious than willful tax evasion, for as many as six years may be included in the amount-of-loss calculation. See 26 U. S. C. §6531 (setting a six-year statute of limitations for, *inter alia*, tax crimes involving fraud or falsity); Brief for Johnnie M. Walters as *Amicus Curiae* 15–16 (hereinafter Walters Brief).[2]

Finally, the Court's decision has adverse consequences for the efficient handling of tax prosecutions. It is often easier for the Government to obtain a conviction under §7206 (false statements) than under §7201 (tax evasion). See *United States* v. *Olgin*, 745 F. 2d 263, 272 (CA3 1984) (unlike a conviction under §7201, a conviction under §7206 does not require proof of a tax deficiency); *Considine*, 683 F. 2d, at 1287 (unlike a conviction under §7201, a conviction under §7206 does not require proof of an attempt to escape a tax). For this reason, the Government has allowed taxpayers to plead guilty to a §7206 charge in lieu of going to trial under §7201 on an evasion charge. See Walters Brief 19–20. Deportation consequences are important to aliens facing criminal charges. See *Padilla* v. *Kentucky*, 559 U. S. \_\_, \_\_ (2010) (slip op., at 10) ("[P]reserving the client's right to remain in the United States may be more important to the client than any potential jail sentence." (quoting *St. Cyr*, 533 U. S., at 322)). If a §7206 charge carries the same prospect of deportation as a §7201 charge, then an alien's incentive to plead guilty to any tax offense is significantly reduced.

_____

[2] One might also ask what reason Congress would have for making a tax misdemeanor a deportable offense, while more serious crimes do not jeopardize an alien's residency in the United States. See, *e.g.*, *Leocal* v. *Ashcroft*, 543 U. S. 1, 11–12 (2004) (driving while drunk, causing serious bodily injury to others is not an aggravated felony).

GINSBURG, J., dissenting

\*      \*      \*

   For the reasons stated, I would hold that making a material, false statement on a tax return does not qualify as an aggravated felony within the compass of 8 U. S. C. §1101(a)(43)(M)(i).   I would therefore reverse the judgment of the Court of Appeals for the Ninth Circuit.